**Forrest LYNCH and Vina Lynch, Plaintiffs–Appellants,**

v.

**Gerald L. RUDOLPH, Seymour Bank, and Mary Chessor, Defendants– Respondents.**

**No. 26511.**

Missouri Court of Appeals, Southern District, Division One.

Aug. 15, 2005.

Stuart L. King, Springfield, for Appellants.

James R. Cox, Springfield, for Respondents.

NANCY STEFFEN RAHMEYER, Judge.

Forrest Lynch and Vina Lynch ("Appellants") appeal the grant of summary judgment entered against them in their suit against Gerald L. Rudolph, Seymour Bank and Mary Chessor ("Respondents"). Appellants acknowledge that they did not respond to a properly filed motion for summary judgment;[1] however, Appellants contend that the motion for summary judgment did not establish judgment as a matter of law because the motion was not supported by references to pleadings, discovery or affidavits as required by Rule 74.04,[2] but was supported by exhibits which were inadmissible due to Seymour Bank's failure to lay a proper foundation or otherwise demonstrate the admissibility of the exhibits. We disagree and affirm.

Rule 74.04 provides in relevant part:

(c)(1) Motions for Summary Judgment.... A statement of uncontrovert-

---

1. Counsel representing Appellants on appeal did not represent Appellants at trial.

2. All rule references are to Missouri Court Rules (2005), unless otherwise stated.

ed material facts shall be attached to the motion. The statement shall state with particularity in separately numbered paragraphs each material fact as to which movant claims there is no genuine issue, with specific references to the pleadings, discovery, exhibits or affidavits that demonstrate the lack of a genuine issue as to such facts.

. . . .

(e) Form of Affidavit. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

■ Appellants contend that an affidavit signed by Gerald L. Rudolph based upon Rudolph's "knowledge, information and belief," is not based on Rudolph's personal knowledge; they further contend that the affidavit does not lay a proper foundation for the bank records, which make up the forty-four exhibits attached to the motion for summary judgment. Appellants contend that the bank records contain numerous hearsay statements, which would not be admissible in evidence, but do not contest the validity or foundation of any of the specific exhibits. Respondents counter that Rudolph's affidavit is proper as an affidavit of a custodian of records, and, more importantly, the exhibits attached to the motion for summary judgment conclusively show that all of Appellants' claims for relief are insupportable as a matter of law.

Appellants' petition claimed three counts of fraud. The first two counts allege fraud from events which occurred in April 1992. Appellants claim that Respondent Seymour Bank fabricated a $100,000 Promissory Note and forged Appellants' signatures on it for the purpose of giving the bank apparent authority to withdraw money from their bank account. Appellants admit they signed a deed of trust, but claim they did so under false pretenses. Appellants sought recovery of the principal and interest they paid on the "fraudulent" note. Respondents counter that summary judgment was proper on two bases: first, Respondents' exhibits, the bank records, conclusively show that Appellants received the entire $100,000 proceeds of the note, thus showing Appellants suffered no damages; and, second, the actions are barred by the statute of limitations. If the exhibits were properly considered in the summary judgment motion, the statute of limitations argument is dispositive.

We find that the exhibits, as business records, are properly admissible as exhibits in the motion for summary judgment. First, Rudolph's affidavit substantially complies with the filing of an affidavit as the custodian of records for business records. *See* section 490.692. The bank statements, checks and notes are classic business records of the bank. As such, the exhibits were properly considered by the trial court, particularly since Appellants did not challenge the trustworthiness of any of the documents. *See ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993) (finding that facts set forth by the moving party are "taken as true unless contradicted by the non-moving party's response to the summary judgment motion"). Second, the exhibits, which Appellants claim to be inadmissible as hearsay, were not necessarily admitted for the truth of the matter asserted; they merely reflected the deposits and withdrawals of hundreds of thousands of dollars in Appellants' bank account in 1991 and 1992. The records were presented to

the trial court to show Appellants' knowledge of the deposits and withdrawals from Appellants' bank account. We find the court properly considered the exhibits attached to the motion for summary judgment.

■ Appellants' fraud claims are subject to a five-year statute of limitations pursuant to section 516.120(5);[3] however, the running of the statute of limitations can be tolled for up to ten years if the defrauded party is unaware of the fraud. *Gilmore v. Chicago Title Ins. Co.*, 926 S.W.2d 695, 698 (Mo.App. E.D.1996). Although Appellant Forrest Lynch claimed he was not aware of the fraud until June 2001, the exhibits clearly show that Appellants had actual knowledge of the alleged fraud at the latest in July 1992. As one example, the April 1991 bank statement of Appellants shows a bank overdraft prior to the deposit of the promissory note, deposits of the note proceeds, and checks written within the month totaling $25,953.71. A reasonably prudent person exercising proper diligence would have discovered funds had been deposited to cover what would have been over $23,000 in overdrafts. Appellants certainly would have thought something unusual about a deposit so large and would notice writing checks far in excess of money available to them had there been no deposit.

Additional exhibits include bank statements indicating $1,200 deductions from Appellants' account with no corresponding check numbers, but that do correspond to another exhibit containing the loan payment forms. Another exhibit reflects that Respondent Seymour Bank received $118,758.88 of Appellants' money from a loan in July 1992. Again, any reasonably prudent person would have been put on notice that something out of the ordinary was happening to a bank account if $118,758.88 was taken out of an account. Those deposits and withdrawals amply reflect Appellants' knowledge of any alleged fraud in 1991 or June 1992 at the latest. Appellants do not argue otherwise. Thus, the five-year statute of limitations had run prior to the filing of Counts I and II of Appellants' petition, and the trial court properly granted summary judgment on Counts I and II based on the defense that the statute of limitations had expired prior to filing the lawsuit.

■ Count III is a claim that Appellants were coerced by a misrepresentation of Respondent Seymour Bank through its employee, Tom Rost, to sign a note in the amount of $27,300 and a deed of trust. Appellants specifically claim that the misrepresentation was Rost's assertion there was a pre-existing debt and that the bank had a right to foreclose on Vina Lynch's real estate. Thus, Appellants must prove that they owed no money for a previous debt and there was no previous deed of trust in order to prevail. Appellants' claim is refuted by the bank records. Keeping in mind that Appellants admit to signing a note and a deed of trust on June 2, 2001, they simply complain that they were coerced into signing the documents by the false representations of the bank employee of a previous debt and previous deeds of trust.

Respondents cited to numerous exhibits reflecting a series of past due promissory notes prior to June 2, 2001. Clearly, there is no issue of material fact that prior to the claimed misrepresentation, Appellants owed bona fide debt to Respondent Seymour Bank in June of 2001, that the bank had prior deeds of trust, and Respondent Seymour Bank was entitled to foreclose on Vina Lynch's real estate prior to any al-

---

**3.** All references to statutes are to RSMo 2000, unless otherwise specified.

leged coercion. Appellants cannot show any "false statements" made by Rost. Respondent Seymour Bank had the right to foreclose on a delinquent promissory note and deed of trust and the statements cannot form the basis of a claim for misrepresentation as claimed by Appellants. The trial court did not err in granting summary judgment on Count III.

The grant of summary judgment is affirmed.

GARRISON, P.J., and PREWITT, J., concur.